IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STEPHEN MARTIN<br>& CHERYL MARTIN<br><br>Plaintiffs,<br><br>v.<br><br>W.L. GORE & ASSOCIATES, INC.<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Case No.: SAG-24-3549<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM OPINION**

Plaintiffs Stephen Martin and Cheryl Martin allege that Defendant W.L. Gore & Associates, Inc.'s plant emitted toxic chemicals that contaminated their property and impaired their health. Defendant has filed a motion to dismiss, arguing that Plaintiffs did not comply with the Resource Conservation and Recovery Act's ("RCRA") pre-suit notice requirements, which would deprive this Court of subject matter jurisdiction. ECF 28. In the alternative, Defendant claims relating to airborne emissions should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the RCRA does not apply to airborne emissions. *Id.* Plaintiffs oppose, ECF 29, and Defendant filed a reply, ECF 30. Plaintiffs filed a motion for leave to file a surreply, ECF 31, which Defendant opposes, ECF 32.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The motion to dismiss must be granted.

---

[1] The Court will grant Plaintiff's motion for leave to file a surreply, ECF 31, although the posture of this case did not require this Court to rely on it.

I.  **BACKGROUND**

The Court derives the facts from the Complaint, ECF 1, and presumes them true for purposes of this motion. Defendant is a Delaware corporation, with its principal place of business in Delaware. *Id.* ¶ 18. Defendant operates a manufacturing plant in Elkton, Maryland (the "Cherry Hill Facility"). *Id.* ¶ 2. Plaintiffs reside less than a mile from the Cherry Hill Facility. *Id.* ¶¶ 13–14. Gore manufactures many of its products using polytetrafluoroethylene ("PTFE"), more commonly known as Teflon. *Id.* ¶ 25. Gore has manufactured PFTE products at the Cherry Hill Facility since the 1970s. *Id.* ¶ 27. PTFE is a per- and polyfluoroalkyl substance ("PFAS"). *Id.* ¶ 26. Gore's manufacturing of PFTE, which uses 32 industrial drying ovens, emits "large amounts of" two varieties of PFAS—ammonium perfluorooctonoate ("APFO") and perfluorooctanoic acid ("PFOA"). *Id.* ¶¶ 28–31. APFO and PFOA are man-made chemicals. *Id.* ¶ 32. The drying ovens release PFOA and APFO into the air. *Id.* ¶ 33. APFO is the water-soluble form of PFOA, and "easily dissolves into rainwater and other precipitation…which then readily percolates down through soils to contaminate groundwater." *Id.* ¶ 32.

Plaintiffs also believe that "washdown from the Cherry Hill Facility traveled into nearby surface water and groundwater." *Id.* ¶ 37. While Gore disposed of some water using either onsite retention pods or a wastewater treatment center, some contaminated water was spilled. *Id.* ¶¶ 38–39. Gore did not have a wastewater treatment center until 1997. *Id.* ¶ 40. Both the air emissions and improper disposal of PFOA containing substances have led to unsafe levels of PFOA in the groundwater near the plant. *Id.* ¶ 43.

Plaintiffs recently had the groundwater and surface water near the Cherry Hill Facility tested, and their experts found that the groundwater "provides a direct pathway from the Cherry Hill Facility of PFOA." *Id.* ¶ 45. Water system tests show high levels of PFOA and other PFAS

compounds in the area near the Cherry Hill Facility. *Id.* ¶ 46. In April, 2024, the Environmental Protection Agency ("EPA") finalized a rule setting a maximum level of PFOA in drinking water at 4 parts per trillion. *Id.* ¶ 48. The water near Plaintiffs' home contained over 700 parts per trillion of PFOA. *Id.* ¶ 49.

Scientists have linked PFOA exposure with high cholesterol, increased liver enzymes, decreased vaccination response, pregnancy complications, and cancer. *Id.* ¶ 56. The World Health Organization's International Agency for Research on Cancer classified PFOA as a carcinogen. *Id.* ¶¶ 37–38. Plaintiffs believe the levels of PFOA in their groundwater pose an "imminent and substantial endangerment to health or the environment in violation of 42 U.S.C. § 6972(a)(1)(B)." *Id.* ¶ 60.

On September 4, 2024, Plaintiffs' counsel sent a letter to Defendant, EPA Administrator Michael Regan, Adam Ortiz of EPA Region 3, and Secretary Serena McIlwain of the Maryland Department of the Environment (MDE) (the "Notice Letter"). ECF 1-2. The Notice Letter informed the recipients that Plaintiffs intended to sue Defendant in the District of Maryland regarding its alleged violations of the RCRA. *Id.* The Notice Letter largely echoes the Complaint, and specifies that Plaintiffs "reside within 3.5 miles of the Cherry Hill Plant." *Id.* at 4. It does not list Plaintiffs' addresses or telephone numbers.

Plaintiffs filed suit under the "citizen suit" provision of the Solid Waste Disposal Act, 42 U.S.C. § 6901 *et seq.* (the "RCRA) seeing declaratory and injuncting relief, civil penalties, and attorneys' fees. *Id.* ¶ 1. The allege that Defendant violated the RCRA through (1) imminent and substantial endangerment (Count I); and (2) open dumping (Count II).

## II. LEGAL STANDARDS

Defendant argues the Complaint must be dismissed under two different rules. First, Defendant challenges this Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Notice requirements in citizen-suit provisions are jurisdictional. *See Assateague Coastkeeper v. Alan & Kristin Hudson Farm*, 737 F. Supp. 2d 433, 437 (D. Md. 2010).

Federal courts may consider documents incorporated into a complaint by reference without converting a Rule 12 motion into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Specifically, the Court may consider documents attached to motions to dismiss as long as they are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. DISCUSSION

A. <u>Notice</u>

Plaintiffs filed suit under both 42 U.S.C. § 6972(a)(1)(A) and § 6972(a)(1)(B). The RCRA requires a Plaintiff to provide 60-days' notice before filing suit for violations of § 6972(a)(1)(A) and 90-days' notice for "imminent and substantial endangerment" suits under § 6972(a)(1)(B). 42 U.S.C. § 6972(b). "Citizen suit notice requirements are 'mandatory conditions precedent to commencing suit and may not be avoided by employing a flexible or pragmatic construction.'" *Monongahela Power Co. v. Reilly*, 980 F.2d 272, 275 n.2 (4th Cir. 1992) (quoting *Hallstrom*, 493 U.S. at 26, 31).

The corresponding regulations outline the following requirements for the notice:

> [notice must include] sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 254.3(a). The point of the notice is to give the alleged violator "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit." *Hallstrom*, 493 U.S. at 29. In addition, "notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits." *Id.*

Defendant argues that the Notice Letter is insufficient because Plaintiffs did not list their addresses or telephone numbers as the regulations required them to. By only referencing a 3.5 mile radius, moreover, Defendant argues that they failed to provide adequate notice of where the alleged violation or endangerment was occurring. ECF 28 at 8 (citing *Ctr. for Biological Diversity v. Marina Point*, 566 F.3d 794, 802 (9th Cir. 2009) (notice insufficient where it did not specify which wetlands were affected)).

5

Plaintiffs' response is a vague reference to Maryland Rules of Professional Conduct barring Defendant from communicating directly with Plaintiffs because they are represented by counsel and assertions that this Court should not be overly technical in evaluating their compliance with the notice requirement. ECF 29 at 8–9. Plaintiffs also rely heavily on the proposition that the EPA's implementing regulations are not binding because Congress did not expressly instruct or authorize the EPA to create them.

This Court agrees that the Notice Letter was facially deficient. This Court is mindful of the Supreme Court and Fourth Circuit's instructions to strictly construe notice requirements in citizen-suit provisions. *Hallstrom*, 493 U.S. at 26; *Monongahela Power*, 980 F.2d 275 n.2. That requirement applies equally to its implementing regulations. *See Sherrill v. Mayor & City Council of Baltimore*, 31 F. Supp. 3d 750, 766, 768 (D. Md. 2014), *vacated and remanded on other grounds* by *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015).[2] The Notice Letter's failure to provide the Plaintiffs' addresses and telephone numbers, as required by the regulation, renders it insufficient. *See Assateague*, 727 F. Supp. 2d at 438 (holding same in Clean Water Act case); *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 401 (4th Cir. 2011) (noting that RCRA and Clean Water Act have "identical" notice provisions, and applying *Hallstrom* in Clean Water Act case). That is not being "overly technical;" it is requiring the Plaintiffs to comply with an express, black-and-white requirement.

What is more, because the Plaintiffs expressed an intent to bring suit regarding damage to their property and endangerment stemming from the water supply at their property, their failure to

---

[2] This Court is unpersuaded by the one out-of-Circuit district court case Plaintiffs cite for the proposition that the RCRA's regulations should be construed flexibly. Regardless, there is little room for flexibility in interpreting the requirement of listing the Plaintiffs' addresses and phone numbers—they either did it or did not.

6

provide an address also deprived Defendant of adequate notice of the endangerment. The 3.5-mile radius Plaintiffs provided was not sufficient for Defendant to know where the alleged violation or endangerment was. To the extent the Plaintiffs attempt to bring suit on behalf of others, and justify the broad location based on that, they are mistaken. The RCRA only allows a citizen to file suit "on his own behalf." 42 U.S.C. § 6972(a). Plaintiffs can only sue regarding their own harms at their own property, and they have not provided any reasonably specific information about where their home is. Without that information, they could not adequately investigate the issue or attempt to avoid the need for a lawsuit. *See Hallstrom*, 493 U.S. at 29. Likewise, the government could not evaluate whether it wanted to intervene. *Id.*

For now, this Court must dismiss this case because Plaintiffs failed to comply with the notice requirement. As the Plaintiffs note, they have filed a new 90-day Notice of Intent to Sue. *See* ECF 29-1. Plaintiffs may file suit again after 90 days elapse from the date of that Notice. The new notice does not moot Defendant's arguments here; rather, it provides Plaintiffs another chance to sue.[3]

## IV.  CONCLUSION

For the reasons stated above, the motion to dismiss, ECF 28, is GRANTED. A separate Order follows.

Dated: May 5, 2025                                        /s/
                                                    Stephanie A. Gallagher

---

[3] This Court makes no comment on the substance of the revised Notice or its sufficiency. It merely notes that 90 days have not yet passed since the date on the Letter, and it therefore could not cure the deficiencies with the initial Notice Letter.

The Court also need not reach Defendant's 12(b)(6) arguments and expresses no view on the merits.

United States District Judge

Case 1:24-cv-03549-SAG   Document 33   Filed 05/05/25   Page 8 of 8